IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUZANNE N. SHELTON, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 14-1031-RGA |
| CONCHITA CONGO-RUBEN, et al., | : | |
| Defendants. | : | |

Suzanne N. Shelton, Smyrna, Delaware, *Pro Se* Plaintiff.

**MEMORANDUM OPINION**

October 31, 2014
Wilmington, Delaware

*[signature]*
ANDREWS, U.S. District Judge:

Plaintiff Suzanne N. Shelton filed this action pursuant to 18 U.S.C. § 1033.[1] She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

The scant allegations in the Complaint allege that Defendants, who are located in Delaware and Nevada, are suspected of fraud, falsifying documents, and withholding information from Plaintiff. The Complaint alleges that property and trust funds were taken from Plaintiff without any information getting back to her and her family. (D.I. 2) Plaintiff alleges this took place in Delaware and occurred "since [her] birth" in 1966, apparently because she was named as an heir in a will. Plaintiff lists numerous physical injuries related to the alleged acts and seeks compensatory damages and injunctive relief.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take

---

[1]This criminal statute is titled "crimes by or affecting persons engaged in the business of insurance whose activities affect interstate commerce." It does not provide for a private right of action. *See Hopson v. Aguair Law Office*, 2013 WL 163447 (W.D. Ky. 2013). To the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statute relied upon, she lacks standing to do so. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual

2

allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Here, the Complaint contains few allegations and provides only generalities about when or where the alleged wrongful acts occurred and who committed the acts. In addition, Plaintiff alleges fraud. A fraud claim is subject to heightened pleading requirements. Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004). To satisfy this standard, the plaintiff must plead or

allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation. See id. at 224.

Plaintiff's allegations fall far short of meeting the pleading requirements of *Iqbal*, *Twombly*, and Rule 9(b). For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to file an Amended Complaint to cure any pleading defects.

An appropriate order will be entered.